Ahmed J. Davis (*Pro Hac Vice Forthcoming*)
*adavis@fr.com*
FISH & RICHARDSON P.C.
1000 Main Avenue, SW, Suite 1000
Washington, DC  20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Jeffrey A. Shneidman (*Pro Hac Vice Forthcoming*)
*shneidman@fr.com*
Andrew G. Pearson (*Pro Hac Vice Forthcoming*)
*pearson@fr.com*
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael R. Headley (CA SBN 220834)
*headley@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>             Plaintiff,<br><br>    v.,<br><br>BIOGY, INC.,<br><br>             Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement of U.S. Patent No. 7,669,236 ("the '236 patent," attached as Exhibit A) against Defendant Biogy Inc. ("Biogy"). Plaintiff Microsoft Corporation ("Microsoft") seeks a declaratory judgment that it does not infringe any claim of the '236 patent and that its customers do not infringe the '236 patent by using Microsoft's products.

2. One of Microsoft's products, Microsoft Entra ID (referred to herein as the "Accused Product"), is a cloud-based identity and access management service. While Microsoft Entra ID has many features unrelated to this action, one optional part of Microsoft Entra ID generates and processes time-based one-time passcodes ("TOTPs") as one of several possible factors that might be used in multi-factor authentication. Microsoft licenses the Accused Product in the United States to customers, and both Microsoft and Microsoft's customers use the Accused Product's TOTP functionality.

3. As laid out below, Biogy has sent letters to Microsoft's customers, threatening them with legal action based on purported infringement of the '236 patent due to the customers' use of the TOTP functionality provided by the Accused Product. Furthermore, Biogy has sued one of Microsoft's customers based on purported infringement of the '236 patent due to the customers' use of the TOTP functionality provided by the Accused Product. *See Biogy, Inc. v. Albertsons Companies, Inc., et al.*, 2:24-cv-00838 (E.D. Tex.).

4. While Biogy's letters purport to accuse Microsoft's customers of infringement, Biogy in fact is accusing Microsoft of directly and indirectly infringing the '236 patent: Microsoft both provides the purportedly infringing TOTP functionality in the Accused Product to its customers and Microsoft itself uses the purportedly infringing TOTP functionality in the Accused Product.

5. Biogy continues to accuse Microsoft's customers of the Accused Product of infringing the '236 patent and to threaten these customers with litigation. On information and belief, some of Microsoft's affected customers have directed Biogy to contact Microsoft directly

regarding purported infringement of the '236 patent, and Biogy instead continues to harass and threaten Microsoft's customers with litigation.

6. Biogy's infringement allegations are baseless. Neither Microsoft, nor its customers, infringe the '236 patent because Biogy's patent claims do not encompass the TOTP functionality that Microsoft provides in the Accused Product.

7. A real, immediate, and justiciable controversy exists between Microsoft and Biogy as to whether use of the Accused Product infringes the '236 patent, whether by Microsoft or its customers. Microsoft respectfully seeks a judicial determination that the '236 patent is neither directly nor indirectly infringed by Microsoft or its customers through use of the Accused Product.

## PARTIES

8. Plaintiff Microsoft Corporation is incorporated under the laws of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington, 98052.

9. Defendant Biogy is a Delaware corporation. On information and belief, Biogy has its principal place of business at 1449 Lake Street, San Francisco, California, 94118, which is the principal and mailing address listed for Biogy, Inc. with the California Secretary of State. Biogy alleges it is the owner of the '236 Patent. While Biogy purports to be "a biometric and cybersecurity company," on information and belief, it does not offer any biometric and cybersecurity products or services.

## JURISDICTION AND VENUE

### *Subject Matter Jurisdiction*

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

11. This Court has subject matter jurisdiction over the claims alleged in this action because this Court has jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202.

12. This Court can provide the relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction at least pursuant to 28 U.S.C. § 2201 in view of Biogy's patent infringement allegations. Biogy's

1 allegations and actions have created a real, live, immediate, and justiciable case or controversy
2 between Biogy and Microsoft.

### *Personal Jurisdiction*

3. 13. This Court has personal jurisdiction over Biogy. Biogy is located in San Francisco, California, and has pled that it has "a principal place of business in San Francisco, California" in other litigation that Biogy filed in which Biogy accused a Microsoft customer of infringing the '236 patent. *See Biogy, Inc. v. Albertsons Companies, Inc., et al.*, 2:24-cv-00838 (E.D. Tex.), Dkt. 1, ¶ 1. Biogy also identifies its principal address as being located in San Francisco, California to the California Secretary of State.

### *Venue*

14. Venue is proper in this Court because Biogy "resides" in this district under Federal venue laws because it is subject to personal jurisdiction in this District (*see* 28 U.S.C. § 1391(c)(2) & (d)).

15. Venue is also proper in this District because Biogy's principal place of business is in this District.

### **BIOGY'S PATENT INFRINGEMENT ALLEGATIONS**

16. Biogy has serially transmitted near-identical letters to Microsoft's customers titled "Notice of Infringement of U.S. Patent Number 7,669,236." Each letter alleges that a Microsoft customer infringes the '236 patent by using time-based one-time codes and attaches a claim chart purporting to show that infringement. Exhibit B is one such exemplary letter sent to Microsoft's customer Albertsons Companies, Inc. on April 24, 2024. Exhibit C is an exemplary claim chart that Biogy attached to this letter.

17. Biogy has sent identical or near-identical letters attaching identical or near-identical claim charts to multiple Microsoft customers.

18. Each letter claims that the '236 patent covers a "standard technique for issuing one-time passwords: Time-based One-Time Passwords, or TOTP," and that to the extent the Microsoft customer "is using one-time passcodes that comply with the TOTP standard, that use infringes the '236 patent." Ex. B at 1–2.

19. The claim chart attached to each letter alleges infringement of claims 5, 12, 14, and 24 of the '236 patent "via implementation of the TOTP Algorithm, RFC 6238." Ex. C at 1. Each chart contends that "[t]o the extent that [Microsoft's customer] is using the TOTP algorithm to generate its time-based 'verification codes' and provide access to [Microsoft's customer's users], [Microsoft's customer] is infringing the claimed methods as described in this claim chart." *Id.*

20. The infringement allegations in Biogy's letters and claim charts are not specific to the individual circumstances of the Microsoft customers to whom they are addressed and are not based on customer-specific implementation details. Instead, Biogy alleges that ***any*** implementation of the "TOTP Algorithm" infringes claims 5, 12, 14, and 24 of the '236 patent.

21. Biogy's infringement allegations against Microsoft's customers target the time-based one-time passcode functionality provided to the customers by the Accused Product. Multiple Microsoft customers have made indemnity requests to Microsoft, requesting that Microsoft defend and indemnify these customers against Biogy's infringement allegations. Due to Biogy's actions and allegations, Microsoft has a potential obligation to defend and/or indemnify one or more of these customers based on Microsoft's contracts with these customers should Biogy act on its threats to sue.

22. Biogy recently sued one of Microsoft's customers based on infringement allegations that are identical to the infringement allegations that Biogy has included in its demand letters to Microsoft's other customers. *See Biogy, Inc. v. Albertsons Companies, Inc., et al.*, 2:24-cv-00838 (E.D. Tex.), Dkt. 1.

23. Biogy's litigation against Albertsons Companies further confirms that the Accused Product is a basis for Biogy's infringement claim, and that Biogy contends that use of the Accused Product infringes the '236 patent. For example, the sole discovery request served by Biogy in its litigation against the Albertsons Companies specifically identified Microsoft and sought data related to one-time passcodes provided by Microsoft in connection with Microsoft's dealings with Albertsons Companies.

24. Biogy's infringement allegations against Microsoft's customers are effectively accusations that Microsoft itself allegedly infringes the '236 patent, both directly (through use of

the Accused Product in a manner that purportedly infringes the patent) and indirectly (by providing the Accused Product to customers and allegedly instructing them on the use of the Accused Product in a manner that purportedly infringes the patent).

## CLAIM FOR RELIEF

## FIRST CLAIM FOR RELIEF

*Declaratory Judgment of Noninfringement of the '236 Patent*

25. Microsoft incorporates the allegations set forth in paragraphs 1–24 as though fully set forth therein.

26. Neither Microsoft, nor Microsoft's customers of the Accused Product, infringes or has infringed, is inducing or has induced others to infringe, or is contributing or has contributed to infringement by others of, any claim of the '236 patent through any infringement actionable under 35 U.S.C. § 271 through any alleged making, using, offering to sell, selling, or importing the Accused Product.

27. By way of example, neither Microsoft nor its customers of the Accused Product infringes or has infringed, induces or has induced others to infringe, or contributes or has contributed to infringement by others of, at least claims 5, 12, 14, or 24 of the '236 patent by making, using, offering to sell, selling, or importing the Accused Product. This is at least because neither Microsoft nor its customers use the Accused Product to perform the method steps claimed within the '236 patent.

28. For example, as to claim 5, neither Microsoft's nor its customers' use of the Accused Product practice at least:

    a. "generating, via a machine, a passcode that is valid temporarily, wherein the passcode is based on information associated with a user";

    b. "determining whether an attempted access is permitted, based on the passcode generated, by at least determining whether the passcode generated matches a passcode received";

    c. "generating a current passcode generator based on the information";

    d. "generating the passcode from the current passcode generator";

  e. "the method further including at least if it is determined that the passcode generated matches the passcode received … granting access to the user";

  f. "the method further including at least if it is determined that the passcode generated matches the passcode received … applying a function to the current passcode generator to generate a new passcode generator";

  g. "the method further including at least if it is determined that the passcode generated matches the passcode received … storing the new passcode generator in place the current passcode generator";

29. As to claim 12, neither Microsoft's nor its customers' use of the Accused Product practice at least:

  a. "retrieving at least one passcode generator from a storage unit associated with the machine";

  b. "generating at least one passcode from the at least one passcode generator";

  c. "determining whether the at least one passcode of the at least one passcode generated matches the passcode received";

  d. "if the one passcode matches the passcode received, … granting the user access to a secure entity";

  e. "if the one passcode matches the passcode received, … perturbing the at least one passcode generator of the at least one passcode generator to create a new passcode generator";

  f. "if the one passcode matches the passcode received, … storing the new passcode generator in place of the at least one passcode generator."

30. As to claim 14, neither Microsoft's nor its customers' use of the Accused Product practice at least the claim elements listed above as to claim 12 (from which claim 14 depends) and in addition do not practice at least the following elements of claim 14:

  a. "wherein the at least one passcode is only one passcode"

  b. "if the one passcode and the passcode received do not match, denying the user access to the secure entity"

31. As to claim 24, neither Microsoft's nor its customers' use of the Accused Product practice at least:

    a. "after a registration process is complete, receiving a request for access, from a user, the request including a first user-generated passcode that is valid temporarily, and that is generated based on information associated with the user";

    b. "in response to the receiving of the user-generated passcode, generating, via a machine that runs an automated administrator, an administrator-generated passcode that is valid temporarily, wherein the administrator-generated passcode is generated by the automated administrator based on information associated with the user by at least the automated administrator generating the administrator generated passcode from a current passcode generator that is based on the information"

    c. "determining whether an attempted access is permitted, based on whether the user-generated passcode and the administrator-generated passcode match";

    d. "if the user-generated passcode and the administrator-generated passcode match permitting the attempted access";

    e. "generating a new passcode generator from the current passcode generator";

    f. "storing the new passcode generator in place of the current passcode generator in a storage unit associated with the machine."

32. The Accused Product does not practice these claim limitations at least because the Accused Product does not generate passcodes or passcode generators that satisfy all of the requirements of the claims. For example, the Accused Product does not base a passcode (or a generator) on information associated with a user. Nor does the Accused Product generate a passcode from a current passcode generator. Nor does the Accused Product perturb a current passcode generator to generate a new passcode generator, or use a password generator to create a new passcode generator. Nor does the Accused Product store any such new passcode generator in place of a prior/current passcode generator.

33.     As a result of the acts and allegations described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Microsoft and Biogy regarding the noninfringement of the '236 patent, including with respect to the Accused Product. This controversy is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Microsoft respectfully requests the Court to enter judgment in its favor against Biogy:

A. For judgment that Microsoft, Microsoft's customers of the Accused Product, and the Accused Product do not infringe and have not infringed under 35 U.S.C. § 271 (or any subsection thereof) any claim of the '236 patent, either literally or under the doctrine of equivalents, and that none of them are liable for damages or injunctive relief based on any claim of the '236 patent;

B. That the case be found exceptional under 35 U.S.C. § 285 and that Microsoft be awarded its reasonable attorneys' fees incurred in connection with this action;

C. For costs and expenses in this action; and

D. For such other and further relief as the Court deems just and proper.

Dated:  April 14, 2025                    FISH & RICHARDSON P.C.

                                          By: /s/ Michael R. Headley
                                             Michael R. Headley

                                          Attorney for Plaintiff
                                          MICROSOFT CORPORATION